IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RICHARD HANFT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-04-258-E-LMB |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court are Defendant's Motion to Dismiss Amended Complaint

(Docket No. 20) and Plaintiff's Motion to Continue Complaint (Docket No. 23).  Pursuant

to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the jurisdiction

of a United States Magistrate Judge to determine matters of finality.  Having reviewed the

record, and otherwise being fully informed, the Court enters the following Order.

## I.

## BACKGROUND

Plaintiff, appearing pro se, filed this action under the Federal Employees'

Compensation Act (FECA), 5 U.S.C. §§ 8102, *et seq.,* and the Federal Tort Claims Act

(FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, seeking damages for disability and personal

injuries suffered while an employee of the United States Postal Service (USPS) when

**ORDER - 1**

changes in his job responsibilities in November of 2001caused severe stress and depression with resultant physical symptoms.

Defendant had moved to dismiss the original complaint alleging that the Court lacked subject matter jurisdiction on the grounds that FECA provides the exclusive remedy for government employees who are injured at work preempting all other statutory claims, including a FTCA claim.  *See Motion to Dismiss and Memorandum in Support* (Docket Nos. 6 and 7).  The Court determined that a question existed as to whether Plaintiff's claim was outside the scope of FECA coverage based on the nature of his alleged emotional injury.  The Court ordered Plaintiff to file an Amended Complaint detailing the disposition of his FECA claim and attaching copies of relevant documents. The Court denied the Motion to Dismiss without prejudice to refiling after Plaintiff filed an Amended Complaint.  *See Order (*Docket No. 16).

Plaintiff subsequently filed an Amended Complaint (Docket No. 17) which is essentially a list of documents attached to the Amended Complaint.  The Court will treat the Amended Complaint as incorporating the original Complaint.  Defendant thereafter filed the Motion to Dismiss (Docket No. 20) presently pending before the Court. Defendant reiterates its prior argument that FECA precludes both review of a FECA determination and a FTCA action thereby depriving the Court of subject matter jurisdiction.  Additionally, Defendant argues that the action is precluded by the Civil Service Reform Act (CSRA), 5 U.S.C. § 7501 *et seq.* and by 5 U.S.C. § 2502 which

**ORDER - 2**

provides a grievance procedure to federal employees for a wide range of prohibited personnel practices.

The documents submitted with the Amended Complaint and the Motion to Dismiss indicate that Plaintiff had previously filed a FECA claim that was denied initially on March 4, 2002, and on appeal on December 23, 2002.  *See* Notice of Decision, Amended Complaint, Ex. 8, and Decision of Hearing Representative, Przybeck Decl., Ex. C.  The FECA claim was denied on the grounds that Plaintiff's injury was not caused by factors of employment in the performance of duty as required by statute.

Plaintiff contends that the USPS Injury Compensation Official and the OWCP Claims Examiner prevented him "from receiving fair and judicial treatment of his claim." *See* Complaint, p. 3 (Docket No. 1).   Plaintiff also contends that he never received the December 23, 2002 FECA decision and was therefore unable to appeal it further.  *See* Reply to Defendant's Reply Response Dated 17 Dec 2004 (Docket No. 25).  The documents further indicate that subsequent to the FECA denial, Plaintiff filed a FTCA claim which was denied on December 3, 2003.  *See* Complaint, Ex. A.  The FTCA claim was denied on the grounds that it was precluded by FECA.

## II.

## APPLICABLE LAW AND DISCUSSION

### A.    Motion to Dismiss

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) alleging lack of subject matter jurisdiction may either attack the allegations of the complaint itself or

**ORDER - 3**

attack the existence of subject matter jurisdiction in fact.  *See Thornhill Publishing Co. v. General Tel. & Elec. Corp.,* 594 F.2d 730, 733 (9th Cir. 1979).  When a factual attack is made on subject matter jurisdiction, the Court may proceed without any presumption of truthfulness as to the allegations of the complaint.  *Id.*

Courts give a liberal reading to complaints filed by pro se litigants. The Ninth Circuit has held that a pro se litigant "must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. U.S.*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.      Federal Employee Compensation Act

The Federal Employee Compensation Act (FECA) is a workers' compensation plan for federal employees and provides that the Government will pay for the death or disability of a federal employee "resulting from personal injury sustained while in the performance of his duty" with certain exceptions which are not relevant here.  5 U.S.C. § 8102(a).[1]  FECA was enacted to provide federal employees with immediate compensation without the need to litigate fault.  *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983).  However, in return for that benefit, a federal employee is barred from making a claim under any other statute against the United States for injuries within FECA's coverage.  *Sheehan v. United States,* 896 F.2d 1168, 1174 (9th

---

[1]  FECA applies to Postal Service employees.  *See* 39 U.S.C. § 1005(c).

**ORDER - 4**

Cir. 1990); 28 U.S.C. § 8116(c).  If an employee has a colorable FECA claim, then a federal court lacks subject matter jurisdiction of any action based on the same facts.  *Moe v. United States,* 326 F.3d 1065, 1068 (9th Cir. 2003).  Rather, the Secretary of Labor should decide the matter within the context of a FECA claim.  *Id.*

The Ninth Circuit has held that emotional injuries alone are outside the scope of FECA.  *Id.; Sheehan,* 896 F.2d at 1174 (holding claim for emotional distress "divorced from any claim of physical harm" is not cognizable under FECA).  On the other hand, the Ninth Circuit has held that FECA covers psychological or emotional injuries that are accompanied by physical injury whether the physical injury occurs prior to or as a result of the emotional injury.  *Moe*, 326 F.3d at 1068-69.

The Court's initial concern here was whether there was any physical harm to Plaintiff.  The additional documentation submitted with the Amended Complaint confirms that Plaintiff did incur physical harm as a result of his emotional stress.  Therefore, it would appear that Plaintiff has a colorable FECA claim depriving this Court of jurisdiction.

Nevertheless, as the Ninth Circuit explained in *Figueroa v. United States*, 7 F.3d 1045, 1048 (9th Cir. 1993),

> [t]here are two sorts of FECA coverage questions.  The first question is whether FECA covers a particular *type* of injury. This is a question of "the scope of coverage."  *Sheehan v. United States*, 896 F.2d 1168, 1174 (9th Cir.), *modified*, 917 F.2d 424 (9th Cir. 1990).  The second question is whether a plaintiff is entitled to compensation under the *facts* of a particular event.  This question requires a determination of

**ORDER - 5**

> such facts as "'whether the injury . . . occurred while the
> employee was on the job.'" *Id.* (quoting *1408 *Griffin v.
> United States*, 703 F.2d 321, 322 (8th Cir. 1983)).  This is a
> question of "coverage in and of itself."  *Id.* (internal
> quotations omitted.)

*Id.*  It is the second question that *Moe* defers to the Secretary of Labor.

In *Moe*, the Secretary of Labor had not made a determination regarding the

plaintiff's claim because the plaintiff had not made a FECA claim prior to filing the

FTCA action.  Here, however, the Secretary of Labor has made a determination that while

Plaintiff's claim is of the type covered by FECA, the injury was not covered because it

was not caused by factors of employment in the performance of duty as required by

statute.  *See*  Notice of Decision, Amended Complaint, Ex. 8, and Decision of Hearing

Representative, Przybeck Decl., Ex. C.  This decision was based on the fact that

reassignment is not a factor of employment under *Lillian Cutler*, 28 ECAB 125 (1976).

*Id.*

There is no question that had Plaintiff not already proceeded with a FECA claim,

because his claim was "colorable," this Court would have had to stay the action or

dismiss it for lack of jurisdiction pending a decision by the Secretary of Labor regarding

whether the claim was actually covered under FECA.  *Moe*, 326 F.3d at 1068.  *See also*

*Tippetts v. United States,* 308 F.3d 1091, 1095 (10th Cir. 2002); *McDaniel v. United*

*States,* 970 F.2d 194, 198 (6th Cir. 1992) (citing *Joyce v. United States*, 474 F.2d 215,

219 (3d Cir. 1973).  However,  Plaintiff did file a FECA claim, and the Secretary of

**ORDER - 6**

Labor did make a determination that because the injury did not arise out of the

performance of duty it was not covered by FECA.

The determination that there is no coverage under FECA is not reviewable by this

Court.  5 U.S.C. § 8128(b).  Accordingly, to the extent that Plaintiff is attempting to

recover FECA benefits in this action, Plaintiff's action is dismissed.

### C.    Federal Tort Claims Act

The Federal Tort Claims Act provides a procedure to be followed by a claimant

seeking to recover from the United States for an injury caused by a federal employee.  It

sets forth requirements of proceeding at an administrative level to the point of disposition

by a federal agency prior to filing an action in federal court.  28 U.S.C. § 2675.

It appears from the documentation submitted with the original Complaint that

Plaintiff complied with the administrative procedures for filing a FTCA claim.  *See*

Complaint, Exs. A-1, 2 and B-1, 2, and 3.  Plaintiff's claim was denied on the grounds

that  the claim arose out of an employment-related injury and thus was precluded by

FECA.  *See* Complaint, Ex. A-1.  Plaintiff was advised of his right to file an action in this

Court not later than six months from the date of the denial letter.  *Id.*  Plaintiff then timely

filed this instant action.

FECA does not preclude Plaintiff's FTCA action because the Secretary of Labor

has made the determination that there is no FECA coverage.  *See Reep v. United States*,

557 F.2d 204, 206 (9th Cir. 1977) (federal employee may bring FTCA action if he has

sought and been denied relief by the Secretary of Labor).  *See also McDaniel v. United*

**ORDER - 7**

*States*, 970 F.2d 194, 198 (6th Cir. 1992) (if the Secretary of Labor determines that an injury did not occur in the performance of duty, FECA does not cover the injury, and the employee may proceed in Court); and *Swafford v. United States*, 998 F.2d 837 (10th Cir. 1993) (citing *McDaniel, id.*).  Accordingly, Plaintiff may proceed with his FTCA action unless it is precluded by the CSRA.

**D.     Civil Service Reform Act**

Defendant has asserted that Plaintiff's FTCA action is precluded by the Civil Service Reform Act (CSRA), 5 U.S.C. § 7501 *et seq*. and 5 U.S.C. § 2502.

**1.     5 U.S.C. § 7501 *et seq.***

Although Postal Service employment relations are generally governed by the Postal Reorganization Act (PRA), 39 U.S.C. §§ 1001-11, the PRA provides that CSRA provisions 5 U.S.C. § 7501 *et seq.*  pertaining to adverse employment actions apply to Postal Service employees.  *See Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998); 39 U.S.C. § 1005(a)(1).  Employment-related tort actions under the FTCA are precluded by the "comprehensive scheme" of the relevant provisions of the PRA and the CSRA.  *Id.* (quoting *American Postal Workers Union, AFL-CIO v. United States Postal Service,* 940 F.2d 704, 708-09 (D.C. Cir. 1991)).  Even if an employee does not have a remedy under the statutory scheme, he is barred from proceeding with a FTCA action.  *Id.* (citing *Pereira v. United States Postal Service*, 964 F.2d 873, 876 (9th Cir. 1992)).

**ORDER - 8**

While it would initially appear that Plaintiff's FTCA action here would thus be barred, a review of 5 U.S.C. § 7501 *et seq.* indicates otherwise. Those provisions apply to suspensions of less than 14 days (§ 7502); removal, suspension for more than 14 days, reduction in grade or pay, and furlough of 30 days or less (§ 7512); actions against administrative law judges (§ 7521); suspension and removal of agency heads (§ 7532); and suspension and removal of career appointees in the Senior Executive Service (§ 7541). None of these provisions are applicable to Plaintiff's case.

### 2.      5 U.S.C. § 2302

The CSRA  provides federal employees with a grievance procedure for a wide range of prohibited personnel practices, including "a significant change in duties, responsibilities or working conditions." 5 U.S.C. § 2302(a)(2)(A)(xi). If the challenged conduct is within the scope of prohibited personnel actions, then an employee is limited to an administrative remedial system and his FTCA claim is barred. *See Mathesian v. Lee,* 406 F.3d 1131, 1134 (9th Cir. 2005) (citing *Orsay v. U.S. Department of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002)). This is so even if no remedy is available to a plaintiff under the CSRA. *Id.* (citing *Collins v. Bender*, 195 F.3d 1076, 1079 (9th Cir. 1999)).

In order to determine if the challenged conduct falls within the scope of prohibited personnel actions, the Court must first determine whether the alleged conduct falls within one of the eleven statutory definitions of "personnel action." *Id.* The Court agrees with Defendant that the alleged conduct appears to fall within the definition of a "significant change in duties, responsibilities, or working conditions." 5 U.S.C. § 2502(a)(2)(A)(xi).

**ORDER - 9**

The conduct also appears to fall within the definition of "a detail, transfer, or reassignment."  5 U.S.C. § 2502(a)(2)(A)(iv).  Therefore, the conduct of which Plaintiff complains is a "personnel action" within the meaning of the CSRA.  However, in order for the CSRA to preclude a FTCA action, the personnel action must have been taken for one of the reasons specifically prohibited  in 5 U.S.C. § 2502(b).

Defendant relies on *Orsay v. U.S. Department of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002) in support of its argument that if the alleged conduct falls within the scope of CSRA's prohibited personnel practices, Plaintiff's FTCA action is precluded.  However, *Orsay* did not involve a postal employee.  The PRA  § 1005 which makes 5 U.S.C. § 7501 *et seq.* and FECA applicable to postal employees does not refer to 5 U.S.C. § 2302.  Furthermore, even if it did, Defendant does not suggest which of the prohibited reasons is involved here, and Plaintiff does not allege any facts which would implicate § 2302(b).  The only possible prohibited reason is (12) which involves taking or failing to take "any other personnel action" that "violates any law, rule, or regulation implementing, or directly concerning, the merit system principles set forth in section 2301 of this title." *See* 5 U.S.C. § 2302(b)(12).  However, by its terms, § 2301 applies only to an executive agency and the Government Printing Office.  *See* 5 U.S.C. § 2301(a).  An executive agency is defined in 5 U.S.C. § 105.  The postal service is not "an executive agency." *See*

**ORDER - 10**

*Booker v. Merit Systems Protection Bd.*, 982 F.2d 517, 519 (Fed. Cir. 1992) which

explained:

> According to section 2302, a "personnel action" may be
> considered a "prohibited personnel practice" only if it occurs
> within an "agency" as that word is defined. *The definition of
> "agency" in section 2302(a)(2)(C) does not include the
> United States Postal Service,* which is specifically excluded
> from the generally applicable definition of "executive
> agency" in 5 U.S.C. § 105 (1988), by virtue of its exclusion
> from the definition of "independent establishment" in 5
> U.S.C. § 104 (1988).  It is a unique entity.

*Id.* (emphasis added).  Accordingly, it would appear that § 2302(b)(12) would not be a

basis for bringing Plaintiff's action within the scope of that provision of the CSRA.

## III.

## CONCLUSION

Neither FECA nor the CSRA precludes Plaintiff's FTCA action.  Plaintiff has

complied with the administrative prerequisites for filing an FTCA action in this Court.

Accordingly, Plaintiff shall be permitted to proceed with his FTCA action.  He may not

proceed with his FECA claims.  Defendant shall file an answer within thirty (30) days of

the date of this Order.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1.      Defendant's Motion to Dismiss (Docket No. 20) is GRANTED with regard

to Plaintiff's FECA claim but DENIED with regard to Plaintiff's FTCA claim.

**ORDER - 11**

2.      Defendant shall file an answer within thirty (30) days from the date of this

Order.

3.      Plaintiff's Motion to Continue Complaint (Docket No. 23) is MOOT.



DATED:  **August 4, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**ORDER - 12**