**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| RICHARD HANFT,                )<br>                                           )<br>     Plaintiff,                       )<br>                                           )<br>v.                                      )<br>                                           )<br>UNITED STATES OF AMERICA, )<br>                                           )<br>     Defendant.                    )<br>_____) | Case No. CV-04-258-E-LMB<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

     Currently pending before the Court is Defendant's Motion for Summary Judgment and Dismissal (Docket No. 59). Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the jurisdiction of a United States Magistrate Judge to determine matters of finality. In the interest of avoiding further delay and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve this motion without a hearing. Therefore, having carefully reviewed the record, the Court enters the following Order.

**I.**

**BACKGROUND**

     Plaintiff Richard Hanft ("Mr. Hanft"), appearing *pro se* filed this action under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8102, *et seq.*, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, seeking damages for disability and personal injuries incurred while an employee of the United States Postal Service ("USPS") resulting from changes in his job responsibilities in November of 2001 that he alleges caused

**Memorandum Decision and Order - 1**

severe stress and depression with resultant physical symptoms.  The Court previously granted Defendant's Motion to Dismiss the FECA claim but denied it with respect to the FTCA claim. *See Order* (Docket No. 27).

Mr. Hanft filed his FTCA claim after his FECA claim was denied on the grounds that it did not meet the guidelines for establishing that he was injured in performance of a duty as required by FECA.  His FTCA claim contained two allegations.  First, he alleged that the USPS Injury Compensation Official, Ms. Joyce Doherty, prevented him from receiving "fair and judicial treatment" of his injury claim by causing the Office of Workers' Compensation Programs ("OWCP") Claims Examiner to violate OWCP's policy of helping an injured employee.  *Complaint*, p. 4 (Docket No. 1)[1].  Second, he alleged that the USPS negligently and wrongfully denied his tort claim through the deliberate actions of officials charged with assisting injured employees.  *Id.*  Mr. Hanft admitted that the case is not about his "being assigned different duties or responsibilities or working conditions."  *Motion to Void the Defendant's Motion to Dismiss Amended Complaint (26 November 2004) and Continue Complaint*, p. 6 (Docket No. 23).

Defendant now moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Mr. Hanft's negligent denial of the tort claim on the grounds that (1) it was not presented as an administrative claim; (2) the FTCA is not applicable to this cause of action; and (3) the FTCA does not apply to purely economic injury.  Defendant also moves for summary judgment on this claim on the grounds that it is supported by insufficient evidence.  *Memorandum in Support of Motion for*

---

[1] Mr. Hanft's substantive allegations are contained in his Complaint (Docket No. 1).  He subsequently filed an Amended Complaint (Docket No. 17) which merely consisted of various exhibits supporting the claims in the Complaint.  The Court will refer to each where appropriate.

**Memorandum Decision and Order - 2**

*Summary Judgment and Dismissal*, p. 13 (Docket No 59).   As to the claim of Ms. Doherty's interference with the fair treatment of the workers' compensation claim, Defendant moves for summary judgment on the grounds (1) that the FTCA is not applicable to this cause of action; (2) lack of proximate cause; and (3) insufficient evidence.  *Id*. at 15.

Defendant has supported its Motion with voluminous documents, including excerpts from deposition testimony of Mr. Hanft's treating physicians, the report of Defendant's independent medical examiner, and various medical records demonstrating that Mr. Hanft has long claimed mental anguish and stress related to his employment with the USPS.  *See Rodriguez Declaration*, Ex. 1– Ex. 10 (Docket No. 59).  Defendant has also submitted records demonstrating Mr. Hanft's history of filing tort claims or grievances with the USPS and a prior action in federal court claiming mental or emotional stress allegedly caused by various actions of USPS personnel.  *Varszegi Declaration* (Docket No. 59).

Mr. Hanft responded to Defendant's Motion arguing that many of the statements submitted by Defendant were irrelevant, that Assistant U. S. Attorney Rodriguez has taken deposition testimony out of context, that his treating physicians actually supported his claim, and that the independent medical examiner ("IME") omitted from his report that he agreed with Mr. Hanft's physicians' treatment of continued therapy with prescription medication.  *Plaintiff's Reply to Defendant's Motion for 'Summary Judgment & Dismissal*,' pp. 2-4 (Docket No. 60).  However, Mr. Hanft did not submit any opposing affidavits or discovery to rebut or refute Defendant's statement of facts or provide any legal authority favorable to his position.

The Court does not find it necessary to reach the issue of Mr. Hanft's physical condition given its resolution of other issues.  However, it is against this procedural and historical

**Memorandum Decision and Order - 3**

backdrop and the Court's own examination of Mr. Hanft's allegations and claims made throughout this litigation that this Motion will be determined.[2]

## II.

## SUMMARY OF RULING

Defendant's Motion for Summary Judgment and Dismissal with respect to Mr. Hanft's claim of negligent denial of his tort claim as well as his claim of interference with his tort claim will be granted.

## III.

## DISMISSAL AND SUMMARY JUDGMENT STANDARDS

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) alleging lack of subject matter jurisdiction may either attack the allegations of the complaint itself or attack the existence of subject matter jurisdiction in fact. *See Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When a factual attack is made on subject matter jurisdiction, the Court may proceed without any presumption of truthfulness as to the allegations of the complaint. *Id.*

In contrast, motions for summary judgment go beyond the allegations of the complaint. Judgment is granted to the moving party "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

---

[2] *E.g.*, Mr. Hanft, during discovery, accused AUSA Rodriguez of falsifying documents merely because an incorrect birth date appeared on one of the documents.

**Memorandum Decision and Order - 4**

The initial burden is on the moving party to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983); Fed. R. Civ. P. 56(c). If the moving party meets its initial burden, then the nonmoving party:

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*British Motor Car Distribs., Ltd. v. S.F. Auto. Indus. Welfare Fund*, 883 F.2d 371, 374 (9th Cir. 1989) (citation omitted). "[I]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *T.W. Elec. Serv., Inc.*, 809 F.2d at 631; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding a motion for summary judgment must be denied when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party").

## IV.

## UNDISPUTED MATERIAL FACTS

Mr. Hanft has failed to submit any admissible evidence in response or opposition to Defendant's Motion or controverting specific facts in the Defendant's statement of facts. Accordingly, the Court finds that the undisputed material facts are as follows:

1.  In late October, 2001, Mr. Hanft was assigned to cover the Carrier Check-in/Register Clerk position for two hours on two days a week. *Wiese Declaration*, ¶¶ 2-5 (Docket No. 59); *Sutherland Declaration*, ¶¶ 2, 4-5 (Docket No. 59).

**Memorandum Decision and Order - 5**

2. Mr. Hanft had two days of on-the-job training for the Carrier Check-In/Register Clerk job, plus an additional day to study the instruction manual. *Sutherland Declaration*, ¶¶ 4-6 (Docket No. 59).

3. Mr. Hanft never performed the new duties. On November 1, 2001, just before his new duties were to start at 2 p.m., Mr. Hanft stated that he was sick from thinking about starting the new duties and submitted a sick-leave request for the next two months. *Sutherland Declaration*, ¶¶ 4-6 (Docket No. 59).

4. On December 13, 2001, Mr. Hanft submitted a Form CA-1 FECA claim alleging a severe case of generalized anxiety disorder resulting from being assigned new job duties without formal training and in violation of USPS policies and a union contract. *Amended Complaint*, Ex. 1 (Docket No. 17).

5. On December 13, 2001, Mr. Hanft submitted a Form CA-2 FECA claim containing essentially the same allegations as the CA-1 form but with a detailed occupational disease statement. *Amended Complaint*, Exs. 2 - 3. (Docket No. 17).

6. On January 3, 2002, Joyce Doherty of the USPS Injury Compensation Office transmitted the CA-1 form to the OWCP indicating that the claim originally sent on December 16, 2001 did not appear in the system and asking that this transmittal not be counted as a late submission. *Amended Complaint*, Ex. 13 (Docket No. 17).

7. On January 15, 2002, Ms. Doherty sent a letter to Alton Carroll, Claims Examiner of OWCP, referring to the CA-1 claim form previously submitted and enclosing

**Memorandum Decision and Order - 6**

   the CA-2 form submitted by Mr. Hanft regarding the same condition as the CA-1, together with his doctor's statement, his statement, and the supervisor's response. Ms. Doherty asked that it not be inputted as a new claim. *Amended Complaint*, Ex. 12 (Docket No. 17).

8.  On January 25, 2002, Mr. Carroll wrote to Mr. Hanft explaining the difference between the CA-1 form and the CA-2 form, requesting verification of which form was appropriate to his circumstances so OWCP could take the proper action, and requesting that further information regarding his complaint, his illness, and his treatment to be provided within thirty (30) days. *Amended Complaint*, Ex. 11 (Docket No. 17).

9.  On February 14, 2002, Mr. Hanft wrote to Mr. Carroll indicating that the proper form to cover his situation was the CA-2 form. *Amended Complaint*, Ex. 10 (Docket No. 17).

10.  On February 15, 2002, Mr. Hanft provided Mr. Carroll with the information requested in Mr. Carroll's January 25, 2002 letter. *Amended Complaint*, Ex. 9 (Docket No. 17).

11.  On March 4, 2002, OWCP issued a Notice of Decision denying Mr. Hanft's claim for compensation on the grounds that it did not meet the guidelines for establishing that he was injured in the performance of a duty, as required by FECA. *Amended Complaint*, Ex. 8 (Docket No. 17).

12.  On March 6, 2002, Mr. Hanft wrote to the Branch of Hearings and Review in Washington, D. C. advising that he did not believe his February 14, 2002 letter

        was received or additional doctor statements were taken into consideration. He also requested an oral hearing. *Amended Complaint*, Ex. 17 (Docket No. 17).

13. On March 20, 2002, the Branch of Hearings and Review acknowledged his request for an oral hearing and advised him of the procedures for requesting a subpoena of witnesses and documents. *Amended Complaint*, Ex. 16 (Docket No. 17).

14. On April 15, 2002, the Hearings and Review Examiner notified Mr. Hanft of the various locations available for hearings and requesting that he advise her of the most convenient location. A complete copy of his file was enclosed with the letter. *Amended Complaint*, Ex. 15 (Docket No. 17).

15. On August 21, 2002, Mr. Hanft was advised that the requested hearing would be held on September 25, 2002 at 9 a.m. in Salt Lake City, UT. *Rodriguez Declaration*, Ex. 9C (Docket No. 59).

16. On September 25, 2002, Mr. Hanft submitted a written statement and testified at the hearing. Mr. Hanft was advised by the hearing officer that he could put anything on the record that he wanted. *Rodriguez Declaration*, Ex. 9C (Docket No. 59); *Amended Complaint*, Ex. 20 (Docket No. 17).

17. On December 23, 2002, the hearing representative of OWCP advised Mr. Hanft of the decision affirming the OWCP decision of March 4, 2002. *Rodriguez Declaration*, Ex. 9E, Ex. 9F (Docket No. 59).

18. Joyce Doherty did nothing to prevent Mr. Hanft's worker's compensation claim from being fairly treated. *Doherty Declaration*, ¶ 7 (Docket No. 59).

**Memorandum Decision and Order - 8**

19. Joyce Doherty did nothing to influence Alton Carroll to violate any policies. *Doherty Declaration* ¶ 6 (Docket No. 59).

20. On October 16, 2003, Mr. Hanft filed a Form 95 FTCA claim alleging that his FECA claim was denied because Ms. Doherty deliberately interfered with his claim by having OWCP not input his claim into the system. *Complaint*, Ex. B1. (Docket No. 1).

21. On December 3, 2003, the USPS denied Mr. Hanft's FTCA claim on the grounds that FECA precluded any remedy under the FTCA and advised him that he could file suit not later than six months from the date of the letter. *Complaint*, Ex. A1 (Docket No. 1).

22. On May 28, 2004, Mr. Hanft filed a complaint under the FTCA with the United States District Court. *Complaint* (Docket No. 1).

## V.

## FEDERAL TORT CLAIMS ACT

Because the doctrine of sovereign immunity limits the subject matter jurisdiction of federal courts, the United States can only be sued to the extent that it waives that immunity. *Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006), *cert. denied*, 127 S.Ct. 2122 (2007). The scope of the waiver is to be strictly construed in favor of the sovereign. *Id.* (citing *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). The Federal Tort Claims Act (FTCA) is a limited waiver of immunity and provides the exclusive remedy for tortious conduct by employees of the United States while acting within the scope of their office or employment but only if such conduct would have given rise to liability to a private party under state law. *See* 28 U.S.C. § 1346(b); *Pereira v. United States Postal Service*, 964 F.2d 873,

**Memorandum Decision and Order - 9**

876 (9th Cir. 1990), *abrograted on other grounds by Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471 (1994). However, excluded from that waiver are certain enumerated intentional torts. *See* 28 U.S.C. § 2680(h).

Before bringing a FTCA claim in federal court, the plaintiff must timely exhaust his administrative remedies by filing a claim with the appropriate federal agency. *See* 28 U.S.C. § 2675; *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). The exhaustion requirement is an absolute jurisdictional prerequisite to filing an FTCA claim in federal court and may not be waived. *Id.*

### A. Negligent Denial of Tort Claim[3]

As stated above, Defendant contends that Mr. Hanft's FTCA claim that the Postal Service negligently denied his FECA claim is subject to dismissal for three reasons: (1) it was not presented in an administrative claim; (2) the FTCA is not applicable to this cause of action; and (3) the FTCA does not apply to purely economic injury. Defendant further contends that it is entitled to summary judgment on the FTCA claim because there is insufficient evidence to support the claim.

#### 1. Administrative Claim

Presenting an administrative claim prior to filing suit serves the purpose of encouraging settlement of claims at the administrative level and avoiding burdening the judicial system with such claims. *Jerves*, 966 F.2d at 520. A claim satisfies the requirements of 28 U.S.C. § 2675 if it gives sufficient notice for commencing an investigation and assigns a value to the claim.

---

[3] It is apparent from the context of the Complaint and attachments that Mr. Hanft is referring to his FECA claim.

**Memorandum Decision and Order - 10**

*Shipek v. United States*, 752 F.2d 1352, 1354 (9th Cir. 1985).  The notice requirement is minimal.  *Id.  See also Avery v. United States*, 680 F.2d 608, 610 (9th Cir. 1982) (noting "a skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages" is sufficient).

Here, Mr. Hanft timely filed an administrative claim for personal injury alleging severe mental stress, depression, and physical ailments for which he did not receive compensation due to Ms. Doherty's interference with his claim.  *Complaint*, Ex. B-1 (Docket No. 1).  He assigned a value of $900,000 to the claim.  *Id.*  Nowhere in that administrative claim is there an allegation that the USPS negligently denied his claim although he alleged that claim in his Complaint.  *Complaint*, p. 3 (Docket No. 1).

The Court recognizes, as Defendant argues, that the scope of FTCA litigation may not be expanded by adding claims not included in the administrative claim.  *See Deloria v. Veterans Admin.*, 927 F.2d 1009, 1012 (7th Cir. 1991) (administrative claim alleging conspiracy to deprive plaintiff of VA benefits by doctoring medical records could not be expanded to include claims of medical malpractice and negligent hiring alleged in complaint).  *See also Doe v. United States*, 618 F. Supp. 71 (D.S.C. 1985) (administrative claim of sexual assault and battery not sufficient notice of medical malpractice allegation); *Johnson by Johnson v. United States*, 594 F. Supp. 728 (E.D.N.Y. 1984) (administrative claim of sexual assault not sufficient notice of negligent supervision claim).

However, *Deloria* is distinguishable from this case.  There, the court reasoned that investigation into the alleged conspiracy to alter records would not have provided the VA with notice of claims of medical malpractice and negligent supervision.  Here, however, Mr. Hanft's claim of negligent denial of his claim could reasonably flow from the allegation that Ms.

**Memorandum Decision and Order - 11**

Doherty deliberately interfered with his claim. *Cf., e.g., Rooney v. United States*, 634 F.2d 1238, 1241 (9th Cir. 1980) (claim of negligent medicare following injury was sufficient notice of failure to warn of the conditions causing the injury). In other words, the claim was sufficient notice to Defendant to commence an investigation into the handling of Mr. Hanft's claim, and the investigation could have reasonably led to any existing negligence in handling the claim. Furthermore, Mr. Hanft was not required to set forth in detail the legal theories to be included in the FTCA action. *See Broudy v. United States, (Broudy II)*, 722 F.2d 566, 568-69 (9th Cir. 1983); *Rooney*, 634 F.2d at 1242. Accordingly, the Court finds that Mr. Hanft's Complaint is not subject to dismissal for lack of jurisdiction based on failure to file an administrative claim.

### 2.     The FTCA Is Not Applicable to this Cause of Action

As stated above, 28 U.S.C. § 1346(b)(1) provides that the FTCA applies only where a private person would be liable in tort under the law of the place where the act or omission occurred. Defendant argues that Idaho does not impose tort liability upon a private person for negligently denying a tort claim and that the claim should therefore be dismissed for lack of jurisdiction. However, it appears that Idaho may recognize tort liability for private entities for negligently denying a tort claim. The District of Columbia Circuit has characterized an allegation that the VA "unjustifiably denied" benefits as a claim for intentional or negligent failure to pay medical bills which it then analogized to a Florida statutory right to sue an insurer for bad faith failure to settle a claim. *See Price v. United States*, 228 F.3d 420, 422 (D.C.Cir 2000). The court noted that the Florida Supreme Court had held the statute covered claims that involved allegations of unjustified refusal to pay claims. *Id.*

Likewise, Idaho has a similar "bad faith" statute. *See* I. C. § 41-329. Although the Idaho Supreme Court has held that the statute does not give rise to a private action, the Court

**Memorandum Decision and Order - 12**

recognized the existence of a cause of action in tort for an insurer's negligence in handling an insured's claims. *Reynolds v. American Hardware Mut. Ins. Co.*, 766 P.2d 1243, 1246-47 (Idaho 1988). Accordingly, the claim of negligent denial of tort claim is not subject to dismissal on this ground.

### 3. Insufficient Evidence

Mr. Hanft's Complaint does not allege any procedural irregularities in the handling of the claim other than his claim that Ms. Doherty interfered with his claim. As shown more fully below, Mr. Hanft's claim received full consideration. Mr. Hanft has failed to make a showing sufficient to establish a genuine issue of fact. Accordingly, Defendant is entitled to summary judgment on Mr. Hanft's allegation of negligent denial of his claim.

### B.   Interference with Fair Treatment of Workers' Compensation Claim

Mr. Hanft claims that Ms. Doherty interfered with the fair treatment of his workers' compensation claim. In support of that claim, Mr. Hanft attached two letters to his Complaint. *Complaint*, Ex. C1 and Ex. C2 (Docket No. 1). The first of the two letters, dated January 3, 2002, was a fax transmittal of Mr. Hanft's form CA-1 indicating that the claim had originally been sent to the "OWCP" on 12/26/01, that it did not appear in the system, and that it should not be counted as a late submission. The second letter, dated January 15, 2002, was addressed to Alton Carroll, Claims Examiner of OWCP, transmitting a Form CA-2 and Notice of Occupational Disease for the same condition as alleged in the claim submitted on 1/3/02, a statement from a physician, Mr. Hanft's statement, and the supervisor's response.

Mr. Hanft also alleges that Ms. Doherty induced Mr. Carroll to violate the OWCP policy of "helping" an injured federal employee. *Complaint*, p. 3 (Docket No. 1). In support of that allegation, Mr. Hanft refers to Mr. Carroll's apparent willingness to assist him with his claim and

**Memorandum Decision and Order - 13**

his later failure to follow through with that assistance. *Complaint*, p. 3 (Docket No. 1) and *Amended Complaint*, Ex. B3, Ex. D1, Ex. D2, Ex. E1 (Docket No. 17). From this he concludes that Ms. Doherty must have interfered with the claim or else Mr. Carroll would have assisted him with his claim.

Defendant moves for summary judgment on this claim on the grounds that (1) the FTCA is not applicable to this cause of action, (2) lack of proximate cause, and (3) insufficient evidence.

### 1.    The FTCA Is Not Applicable to this Cause of Action

Defendant contends that Idaho law does not impose tort liability upon a private person for preventing fair treatment of a worker's compensation claim. As shown above, Idaho law may very well do so. However, the Court finds that there is another reason that the FTCA does not apply.

Mr. Hanft's FTCA administrative claim alleges that "Ms. Doherty *deliberately* interfered with my claim by having OWCP not input my claim in the system." *Complaint*, Ex. B1 (Docket No. 1) (emphasis added). Furthermore, in the Complaint itself, Mr. Hanft alleges, "The USPS did negligently and wrongfully deny the Tort Claim of the Mr. Hanft(s) (sic) Richard Hanft through the *deliberate* and *calculated* actions of officials who had positions of authority to provide aid and assistance to an injured employee, but those same officials, *male fide*, chose to provide hindrances and blockages to the Tort Claim." *Complaint*, p. 4 (Docket No. 1) (emphasis added). Similarly, in *Deloria*, *supra*, the plaintiff alleged a conspiracy to deprive him of benefits by altering his medical records. The Seventh Circuit found that the claim fell within the 28 U.S.C. § 2680(h) exceptions of misrepresentation and deceit and was therefore subject to dismissal. *Deloria*, 927 F.2d at 1012.

**Memorandum Decision and Order - 14**

Construing Mr. Hanft's claim as intentional interference with his claim, the FTCA does not apply to this action. Accordingly, Mr. Hanft's claim of interference with the fair treatment of his claim is subject to dismissal.

### 2. Lack of Proximate Cause

Defendant contends that neither the two letters from Ms. Doherty on which Mr. Hanft relies for his claim that she interfered with his tort claim nor anything else in the record indicates that any actions on her part impeded the claim process. The Court agrees. There is no way in which the letters can be construed as anything but an attempt by Ms. Doherty to assist Mr. Hanft in submitting his claim. Ms. Doherty's unrebutted statement indicates that she suspected that the earlier paperwork had been lost and she did not want the claim to be considered late. *Doherty Declaration*, ¶ 4 (Docket No. 59). Regarding the second letter, Ms. Doherty indicated that she was afraid that submission of Mr. Hanft's second form relating to the same injury would result in a second claim being opened rather than being included in his already-existing file. *Doherty Declaration*, ¶ 5 (Docket No. 59). Furthermore, even if those letters somehow were an attempt to derail consideration of the claim, they did not succeed.

The unrebutted evidence demonstrates that Mr. Hanft's claim was considered and denied on March 4, 2002. *Amended Complaint*, Ex. 8 (Docket No. 17). On March 20, 2002, the Department of Labor notified him that he would be given a hearing as requested as an appeal of the denial. *Amended Complaint*, Ex. 16 and Ex. 17. The hearing was held on September 25, 2002 at which Mr. Hanft submitted a detailed written statement and testified on his own behalf. *Id.* at Ex. 20; Ex. 9D. He was given the opportunity to present additional evidence. *Id.* at Ex. 9D, pp. 7, 10, 36. On December 23, 2002, the Hearing Officer entered his decision affirming the denial of benefits. *Pryzbeck Declaration*, 11/26/04, Ex. B and Ex. C (Docket No. 22). From the

**Memorandum Decision and Order - 15**

time Mr. Hanft submitted his claim until the final decision, OWCP responded to his inquiries and kept him advised of procedures. *See Statement of Undisputed Facts*, ¶¶ 8, 13, 14, and 15 (Docket No. 59).

It is clear from this unrebutted evidence, that no act or omission of Ms. Doherty prevented Mr. Hanft's claim from being heard and thoroughly considered or that she influenced the decision in any way. Accordingly, Defendant is entitled to summary judgment on this claim.

### 3. Insufficient Evidence

Finally, the Government similarly contends that there is no evidence that Ms. Doherty's two letters were intended to or actually did prevent fair treatment of the claim. The Court finds that there is a complete dearth of evidence indicating that Ms. Doherty interfered with Mr. Hanft's claim. As stated above, the two letters relied upon by Mr. Hanft in support of this claim cannot be construed as anything but an attempt to assist Mr. Hanft. Additionally, Ms. Doherty states that she never met Mr. Carroll and never told him how to how to do his job, how to handle Mr. Hanft's claim, or to violate any policies. *Doherty Declaration*, ¶ 6 (Docket No. 59). Mr. Hanft submitted no evidence to the contrary. Rather, he persisted with his strained and convoluted interpretations of isolated statements in the very communications that were intended to assist him.

In a statement attached to his claim form, Mr. Hanft alleges that Ms. Doherty "had the OWCP violate their own policies of helping injured federal employees" and that Mr. Carroll "would have correctly helped me in my claim." *Complaint*, Ex. B3 (Docket No. 1). He cites the sentence in Mr. Carroll's January 25, 2002 letter, "We will administratively make the change" as indicative of Mr. Carroll's willingness to assist him. He alleges that despite that statement, Mr. Carroll failed to assist him. In examining the letter (*Complaint*, Ex. D1), it is readily apparent

**Memorandum Decision and Order - 16**

that Mr. Hanft took the phrase out of context. In fact, Mr. Carroll was advising Mr. Hanft that he had completed both a CA-1 form and a CA-2 form for the same condition and he needed to submit one or the other. Mr. Carroll explained that one was to be submitted if his condition occurred within one shift and the other if it occurred over a period of more than one shift. Mr. Carroll would administratively make the change after being advised which situation was applicable so OWCP could take the proper action.

It is obvious that Mr. Hanft latched onto phrases in Ms. Doherty's and Mr. Carroll's letters in a desperate attempt to justify his claims. Nevertheless, it is also obvious that his interpretation of the letters is totally incredible. However, even if they could be construed to demonstrate interference on Ms. Doherty's part, Mr. Hanft's claim would still fail. Consideration of the claim proceeded, Mr. Hanft submitted a further statement and offered testimony, and his claim was denied. Nothing Ms. Doherty did or did not do affected full consideration of his claim. A party "must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible." *British Motor Car Distribs., Ltd.*, 883 F.2d at 374. Mr. Hanft did not comply with this requirement. Accordingly, Defendant is entitled to summary judgment on the claim of interference with Mr. Hanft's tort claim.

## VI.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment and Dismissal (Docket No. 59) is GRANTED.

**Memorandum Decision and Order - 17**

IT IS FURTHER HEREBY ORDERED that judgment is entered in favor of Defendant and that Plaintiff's Complaint (Docket No. 1), as augmented by the exhibits attached to his Amended Complaint (Docket No. 17), is DISMISSED in its entirety.



DATED: **September 19, 2007**.

Honorable Larry M. Boyle
U. S. Magistrate Judge

**Memorandum Decision and Order - 18**